Filed 11/9/23  P. v. Melonson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SIRTICE MELONSON,<br><br>  Defendant and Appellant. | C097433<br><br>(Super. Ct. No. 05F10198) |

In 2008, a jury found, inter alia, defendant Sirtice Melonson guilty of first degree murder and found he personally used a firearm to kill the victim.  The jury also found defendant guilty of attempted murder and found defendant personally used a firearm in the commission of that crime, resulting in great bodily injury to the victim.  The trial court sentenced defendant to life in prison without the possibility of parole, plus 50 years to life, plus 19 years 4 months.

1

In March 2022, defendant filed a petition for resentencing under Penal Code section 1172.6.[1]  The trial court denied defendant's petition, finding he failed to make a prima facie showing for relief.  We will affirm the court's order.

BACKGROUND

We take the facts from our prior opinion.  (*People v. Melonson* (May 15, 2013, C061352) [nonpub. opn.].)  According to our opinion, "[s]eventeen-year-old Navnil Chand, his brother, and two friends approached 14-year-old defendant Sarah Weeden and some of her friends and struck up a conversation.  Navnil later called Weeden, who arranged to meet him a few days later.  Navnil and a friend, 22-year-old Deovinesh Kumar, arrived at the assignation, where they were met by defendant . . . and another man.  The men ordered Navnil and Kumar out of the car, and as Kumar opened his door one of the men shot into the vehicle.  Navnil was attempting to open his door when multiple shots rang out.  Navnil died of gunshot wounds; Kumar lost part of his finger."

The People subsequently charged defendant and Weeden with Navnil's murder, the attempted murder of Kumar, and the attempted second degree robbery of Navnil and Kumar.  The People also charged defendant with possession of a firearm by a convicted felon and alleged a prior strike conviction.  The People also alleged "the murder of NAVNIL . . . was committed by defendant . . . , while the said defendant was engaged in the commission or attempted commission of the crime of robbery . . . ."

The People further alleged that defendant "used, and intentionally and personally discharged a firearm, . . .  and thereby proximately caused great bodily injury or death to NAVNIL . . . who was not an accomplice of the defendant, within the meaning of . . .

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  Defendant filed his petition under former section 1170.95 but we will refer to the current section 1172.6 throughout this opinion.

2

section 12022.53 (d)." Weeden, the People alleged, was armed with a firearm during the commission of Navnil's murder, "within the meaning of . . . section 12022(a)(1)."

Defendant and Weeden pled not guilty to the crimes and proceeded to trial. They were tried jointly but had different juries that simultaneously heard the evidence. (*People v. Melonson, supra,* C061352.) On the charge of murder, the trial court instructed the jury on the theory of felony murder. On the charge of attempted murder, the trial court instructed the jury it could find defendant guilty under a theory of natural and probable consequences.

Ultimately, the jury found defendant guilty of first degree murder. With regard to the section 12022.53, subdivision (d) firearm use allegation appended to the murder charge (which was only alleged against defendant), the jury verdict form reads as follows: "It is alleged that in the commission of the above offense, [Melonson] used, and intentionally and personally discharged a firearm, . . . and thereby caused death to Navnil Chand, within the meaning of . . . section 12022.53(d)." The jury found that allegation true, as well as the allegation that defendant committed the murder during the commission of a robbery.

The jury also found defendant guilty of attempted murder, and found true all the appendant enhancement allegations. With regard to the section 12022.53, subdivision (d) firearm use allegation, defendant's jury verdict form reads: "It is alleged that in the commission of the above offense, the defendant used, and intentionally and personally discharged a firearm, a .40-caliber handgun, and thereby caused great bodily injury to Deovinesh Kumar, within the meaning of . . . section 12022.53(d). [¶] We, the jury find this allegation to be TRUE."

The trial court sentenced defendant to an aggregate term of life in prison without the possibility of parole, plus 50 years to life, plus 19 years 4 months.

On March 29, 2022, defendant filed a resentencing petition under section 1172.6. The trial court appointed counsel and the People opposed the petition. The trial court found that "[a]lthough this was a felony murder rule case, we all know that the

3

amendments thereto do not affect somebody who is the person who committed the homicidal act. In this case a jury found true that [defendant] was that person who personally committed the homicidal act.

"They also found true that he was the person [who] discharged the firearm with respect to the attempted murder conviction as well." The court thus ruled defendant was not eligible for relief under section 1172.6 as a matter of law. The court noted one need only "look at the jury verdict forms to determine whether or not this defendant has met his burden as to a prima facie case."

Defendant appeals from this order.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

As amended, section 188 provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Section 189, subdivision (e) as amended limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) *The person was the actual killer*. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a

4

major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3, italics added.)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6) (Stats. 2018, ch. 1015, § 4), which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 551, § 2) further amended section 1172.6, inter alia, to broaden "the pool of eligible petitioners by allowing a resentencing petition to be filed by any person 'convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime.' " (*People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the trial court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

Here, we agree with the trial court that defendant failed to make the requisite prima facie showing of eligibility for relief under section 1172.6. The record of conviction in this case reflects, as determined by his jury, that defendant was the actual killer of Navnil Chand and the actual shooter in the attempted murder of Deovinesh Kumar. In reaching

the verdict on the firearm use allegation relative to Navnil's murder, the jury expressly found "defendant used, and intentionally and personally discharged a firearm . . . and thereby *caused death to Navnil Chand*, within the meaning of . . . section 12022.53(d)." (Italics added.)  Similarly, in reaching its verdict on the firearm use allegation relative to the attempted murder of Deovinesh, the jury found "defendant used, and intentionally and personally discharged a firearm, a .40-caliber handgun, and thereby caused great bodily injury to Deovinesh Kumar, within the meaning of . . . section 12022.53(d)."

The record of conviction thus conclusively established defendant was not eligible for relief under section 1172.6.  (See *People v. Harden* (2022) 81 Cal.App.5th 45, 56 [petition may be dismissed if defendant was the actual killer].)  Having independently reviewed the record and found defendant ineligible for relief as a matter of law, we will affirm the trial court's order.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

                                       /s/
                                       Wiseman, J.[*]

We concur:

 /s/
Duarte, Acting P. J.

 /s/
Renner, J.

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.